UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| KEAIRRA ZAFR, | : | Case No. 3:19-cv-00076 |
| --- | --- | --- |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# DECISION AND ENTRY

Plaintiff Keairra Zafr protectively filed an application for Supplemental Security Income on November 30, 2015. She asserted in part that she was eligible to receive such benefits because she was under a "disability" as defined in the Social Security Act due, in part, to her hearing loss. The Administration denied her application based mainly on the decision of Administrative Law Judge (ALJ) Deborah F. Sanders, who concluded that Plaintiff was not under a disability. In doing so, ALJ Sanders found at step 3 of her sequential evaluation, *see* 20 C.F.R. §416.920(a)(4), that "[t]he severity of [Plaintiff's] hearing loss does not meet or medically equal the criteria of listing 2.10 as [her] word discrimination is 92 percent in her better ear." (Doc. #6, *PageID* # 63 (citing Exhibit 12F, *PageID* #s 1050-53)).

The Commissioner acknowledges that the ALJ's decision is flawed and cannot be defended. Consequently, the Commissioner has filed a Motion to Remand for further

proceedings to determine if Plaintiff's hearing loss meets or medically equals Listing 2.10(B), Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Listing 2.10(B) requires, "A word recognition score of 40 percent or less in the better ear determine using a standardized list of phonetically balanced monosyllabic words."

Plaintiff agrees that a remand is warranted but disagrees that further proceedings are necessary. She contends that a remand for payment of benefits is warranted because all essential factual issue have been resolved and dictate the conclusion that she is disabled under Listing 2.10(B). She reasons that her word recognition score in her better ear was 36 percent and was therefore lower than the score of 40 percent required by Listing 2.10(B).

At step three of the sequential evaluation, "[c]laimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the [Social Security Administration's] special list of impairments, or that is at least equal in severity to those listed." *Combs v. Comm'r of Soc. Sec.,* 459 F.3d 640, 643 (6th Cir.2006) (en banc) (internal citations omitted). To establish that she meets Listing 2.10(B), a claimant must establish all of the criteria set forth in the Listing, "including any relevant criteria in the introduction …." 20 C.F.R. § 416.925(c)(3); *see Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 653 (6th Cir. 2009).

The Commissioner contends that although Plaintiff's hearing test in 2017 revealed that she had a word-recognition score of 36, it is unclear whether the testing was compliant with Listing 2.10's requirements. Listing 2.10B(1)(c) provides, in part,

"Audiometric testing must be performed by, or under the direct supervision of, a licensed audiologist or an otolaryngologist."

The Commissioner maintains that testing report is not signed by a licensed audiologist or otolaryngologist and instead merely refers to Miracle-Ear as the source of the tests. The Commissioner states, "Miracle-Ear's website indicates that the individuals who test customers for hearing loss are 'hearing instrument specialists,' not audiologists or otolaryngologists. Without knowing exactly who performed the hearing test in 2017, it is unclear whether or not Plaintiff met the requirements of listing 2.10(B)." (Doc. #14, *PageID* #1132).

Neither Plaintiff's Memorandum in Opposition (Doc. #13) nor her Statement of Errors (Doc. #7) identifies who performed Plaintiff's audiogram in April 2017. Examination of the Miracle-Ear documents reveals that it contains the signature of a Miracle-Ear representative and her license number but it does not identify her as an audiologist or otolaryngologist or indicate whether she administered the audiogram for Plaintiff. (Doc. #6, *PageID* #1096). This Exhibit therefore does not resolve whether Plaintiff meets the criteria of Listing 2.10(B).

Accordingly, remand pursuant to sentence four of § 405(g) for further administrative proceedings are warranted. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim each step of the required five-step sequential

analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability finding id vacated;

2. No finding is made as to whether Plaintiff Keairra Zafr was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the Court's docket.

March 10, 2020                                            *s/Sharon L. Ovington*
                                                                                     Sharon L. Ovington
                                                                                     United States Magistrate Judge